SETTEGAST et al. v. BLAKELY. (No. 7306.)

(Court of Civil Appeals of Texas. Galveston. May 17, 1917.)

1. APPEAL AND ERROR ⬤⟳1062(1)—REVIEW—HARMLESS ERROR.

In an action of trespass to try title, submission of special issues as to whether plaintiffs held the record title to the land sued for, where the undisputed evidence showed that plaintiff held such title, *held* harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4212.]

2. ADVERSE POSSESSION ⬤⟳57—EVIDENCE.

In trespass to try title, evidence *held* sufficient to support a finding that defendant had lived on the land for a period long enough to give him title by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 277, 278, 655, 667, 687.]

Error from District Court, Harris County; Chas. Ashe, Judge.

Action by J. J. Settegast and another against Carter Blakely. Judgment for defendant, and plaintiffs bring error. Affirmed.

Tharp & Tharp, of Houston, for plaintiffs in error. Roberts & Delhomme, of Houston, for defendant in error.

LANE, J. This suit was brought by J. J. Settegast and J. B. Cochran against Carter Blakely on the 29th day of November, 1907, in the ordinary form of trespass to try title to certain land described in the original petition as lot 1 in block 3, situated in the Red Cloud addition, which is part of lot 6 of the west half of the Luke Moore league, in Harris county, Tex.

On the 16th day of February, 1915, more than seven years after the original petition was filed, plaintiffs filed their first amended petition, upon which they went to trial, and therein they described the land sued for as follows:

"All that part of lot 6 of the Trott subdivision of the west half of the Luke Moore league, and part of the Red Cloud addition, to wit: Beginning at the northeast corner of lot No. 1 (1), block three (3) of Red Cloud addition; thence north 70 degrees west along a fence line 168 feet; thence south 1 degree 30 minutes west along a fence line 31 feet; thence south 60 degrees 30 minutes east along a fence line 51 feet; thence south 20 degrees west along a fence line 33 feet; thence south 70 degrees east along a fence line 109 feet to the east line of lot No. two (2) of Red Cloud addition; thence north 20 degrees east along fence line 74½ feet to the place of beginning, which includes lot one (1), block three (3), of said Red Cloud addition, and other lands in said addition."

Defendant pleaded "not guilty," and also the three, five, and ten year statutes of limitation, in bar of plaintiffs' suit.

The cause was tried before a jury upon special issues submitted to them by the court, and upon their answers judgment was rendered for defendant, Carter Blakely.

[1] By assignments 1 and 2 it is insisted that the court erred in submitting special issues 1 and 2 to the jury, which special issues, in effect, raised the issue as to whether or not plaintiffs held the record title to the land sued for, because there was no evidence to support such issue, and the undisputed evidence shows that plaintiffs held the record title to said land.

We think these assignments should be sustained. The effect of the jury's findings upon issues 1 and 2 was that plaintiffs had not shown by the evidence that they had the record title to said land. We find that the undisputed evidence shows that plaintiffs held the record title to the lands, and unless the finding of the jury upon special issues 3 and 4 submitted to them, that defendant had title to said lands under the statutes of limitation of five and ten years, pleaded by him, can be sustained by the evidence, the judgment of the trial court should be reversed, and judgment here rendered for plaintiffs.

What has been said under assignments 1 and 2 disposes of assignments 3 and 4.

[2] The jury, in answer to special issue No. 3, found that defendant had and held continuous, peaceable, adverse, and uninterrupted possession of lot No. 1 in block 3 of the Red Cloud addition under a deed duly recorded, and that he had paid all taxes thereon for more than five years next preceding the filing of plaintiffs' original petition in October, 1907, and in answer to special issue No. 4 they found that defendant had and held continuous, peaceable, adverse, and uninterrupted possession of all that portion of the land sued for, exclusive of said lot 1 in block 3 of the Red Cloud addition, cultivating, using, and enjoying the same for more than ten years next preceding the filing of plaintiffs' amended petition in February, 1915.

Defendant introduced in evidence a deed from Mary M. McDonald of date October 18, 1900, by which she conveyed to him lot 1 in block 3 of the Red Cloud addition to the city of Houston, Texas. This deed was duly recorded on the day of its execution.

Defendant testified:

"There is a fence around said property now. I have got truck on it. There has been a fence around it ever since 1900 up to now. My fence has not been changed in any way since I first put it there; it is just like I first put it there. Ever since I bought it I have been living on there. I have paid the taxes on it. I have got one receipt for taxes here in my pocket, and I have got the balance of them at home; I can find them. I have been raising a little corn, pumpkins, and one thing and another on that place ever since I have been there. I have been living continuously there ever since I built my house on it. There was not a house on it when I bought it; there was not anything on it but the bare ground. I have been owning the property ever since I have been living there, until Mr. Settegast claimed to own it. I have paid the taxes on the property each and every year since I bought it, except this year; I have not paid them this year."

On cross-examination:

"I do not know exactly how many tax receipts I have got at home, but I have a good many of them. I did not bring them to court because they did not tell me to bring them, and I did not know. I knew it was necessary to show I had paid taxes, if I was claiming the land, but I was not told to bring my receipts. I have got one receipt in my pocket. The way I came to have this one receipt and not the others was that I had it down here all the time, and I put it in my pocket to carry home, and it has been in my pocket now nearly a month. I paid the taxes for the year 1900, and I have been paying taxes ever since I have been on the place.

"I had got my house up when Settegast and Cochran came on the place. I had the house up, and they told me that was their land. I had the house up and they come on the land, and I told them: 'I did not buy from you all. I bought it from Miss Media.' He asked me who I bought from, and I told him, and he asked who did she buy it from, and I told him she bought from Mr. Berry. At the time they told me it was their land and for me not to build on it I done had the house up. If they brought a suit against me then right away I don't know it. I never was served with a citation or notice until now; I am served now."

Examination by the court:

"I paid my taxes every year as they came due, before they became delinquent, and never allowed them to become delinquent, except this year. This year I have not paid yet."

Esther Colt testified that she was raised in the neighborhood where the premises in question are situated; that she has known defendant a long time; that she remembers that the defendant moved upon the premises in 1901 and put up a little house thereon, and built a fence around the place; that it has been 11 years since she moved out of that neighborhood; but that she has been out there frequently since she moved.

Media McDonald testified that she has known the defendant for 30 years; that she knows where he lives; that she sold him the place on which he lives in 1900 or 1901; that she knows that he has lived on the place ever since 1900; that the defendant put a house on the premises the next year after he bought and has lived there continuously ever since that time; that he has had the property inclosed with a fence ever since he moved on it.

While there was testimony of other witnesses directly in conflict with the testimony above stated, we think such testimony was amply sufficient to support the findings of the jury on the question of limitation submitted to them by the court and to support the judgment rendered by the court.

Having so concluded, we hold that the errors committed by the trial court pointed out under the discussion of assignments 1 and 2 are harmless and furnish no reason for a reversal of the judgment of the trial court.

The judgment of the trial court is affirmed. Affirmed.